**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.                                                                               No. CIV-08-0760 JCH/RLP

**REINHOLD V. SOMMERSTEDT**,

    Defendant.

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS
AND GRANTING DECLARATORY AND INJUNCTIVE RELIEF**

**THIS MATTER** comes before the Court on Defendant Reinhold V. Sommerstedt's Notice of Petition to Dismiss for Lack of Jurisdiction, filed September 25, 2008 (Doc. 3) and on the United States' Complaint for Declaratory Relief and Permanent Injunction. Having considered the parties' briefs, Sommerstedt's declarations and subsequent filings, the Complaint and Exhibits, and the relevant law, and otherwise being fully advised in the premises, the Court concludes that it has subject-matter jurisdiction over the matter, that the case is not moot, that Sommerstedt's motion should be DENIED, and that the United States is entitled to declaratory and injunctive relief on behalf of its employees and officers.

**I.  PROCEDURAL AND FACTUAL BACKGROUND.**

The United States filed a complaint seeking an order declaring that various documents Sommerstedt filed in San Miguel, Sandoval, Taos, and Bernalillo Counties, New Mexico against various United States officers ( including two federal judges who have presided over federal tax suits against Sommerstedt) and employees of the Internal Revenue Service (who have been attempting to enforce federal tax laws against Sommerstedt) are null and void. *See* Complaint at 2-7 (Doc. 1). One document Sommerstedt recorded purports to entitle Sommerstedt, as a "Creditor

Secured Party" to make the United States employees/officers subject to "full commercial liabilty" to him and to be subject to undescribed "administrative remedies" on his claim that they are "libellees." *See, e.g.*, Doc. 1, Ex. D at 1-4. Another document purports to be a "Notice of Commercial Judgment" that allegedly creates an "administrative judgment," "UCC confirmatory writing" and "perfected contract" against the federal employees and officers. *See id.*, Ex. F.

The United States further seeks an order requiring Sommerstedt "to disclose to this Court all non-consensual documents that he has published or filed, naming the various Libelees or other current or former federal employees or officer in any fashion," Doc. 1 at 7, and also seeks a broad injunction prohibiting Sommerstedt "from acting or attempting to act in any other manner to molest, interrupt, hinder, or impede any employee of the United States or officer of the United States in the performance of his or her official duties in the enforcement of the laws of the United States pertaining to internal revenue" *id.* at 7, and from "filing future documents naming federal employees or judicial officers and other federal employees as libelee, defendants, or in any fashion, without first obtaining the permission of the District Courts of the United States of America." *Id.* at 8.

Federal-court jurisdiction over this case is based on 28 U.S.C. § 1340 (giving federal district courts "original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue . . . .") and 28 U.S.C. § 1345 (giving federal district courts "original jurisdiction of all civil actions, suits or proceedings commenced by the United States . . . ."). *See id.* at 2. Venue lies in this District pursuant to 28 U.S.C. § 1391(b)(2) because "a substantial part of the events . . . giving rise to the claim occurred" in New Mexico.

After filing his motion to dismiss, Sommerstedt filed two Declarations in which he admits that he filed the various documents but contends that he has now rescinded them, thereby making moot the relief requested. *See* Docs. 7, 9. The United States contends that Sommerstedt's efforts

are not totally effective, however, because his notices of rescission contain errors in identifying the various documents in the county records and do not include full names, and that it still is entitled to declaratory and prospective injunctive relief.

## II.  ANALYSIS

### A.  Sommerstedt's Motion to Dismiss.

Sommerstedt first challenges the Court's subject-matter jurisdiction on a frivolous contention that "the United States of America [] is a different name than the United States." Doc. 3 at 4. This argument is considered to be a "stock tax protester argument[]" unworthy of further discussion. *See Dibble v. United States*, No. 1:05-CV-201, 2006 WL 958599 at *1 n.2 (W.D. Mich. April 10, 2006); *Minnesota v. Beale*, 452 F. Supp.2d 899, 901 (D. Minn. 2006) (denying taxpayer's attempt to strike the United States of America's motion for summary judgment to collect tax levies on the taxpayer's claim that "the 'United States' is not the same as 'Defendant United States of America,'" because there is no "distinction between the two entities"); *Beresford v. I.R.S.*, No. 00-293-KI, 2000 WL 1274245 at *1 (D. Or. July 13, 2000) (holding that the taxpayer's "contention about [the 'United States of America' and the 'United States' allegedly being] different legal entities . . . [is] frivolous").

The United States premised the Court's authority to grant injunctive relief in part on 26 U.S.C. § 7402, which provides, in relevant part:

> The district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction, . . . and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws. The remedies hereby provided are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws.

§ 7402(a). Sommerstedt contends that, because the injunction the United States seeks does not

enforce internal revenue laws, the statute does not apply. The Court disagrees. The United States contends that Sommerstedt's actions are designed to harass its officers and employees who are enforcing tax laws against Sommerstedt and that his retaliatory actions interfere with these efforts. The United States Supreme Court has noted that "review of the injunction as an exercise of the equity power granted by [] § 7402(a) must be in light of the public interest involved: Courts of equity may, and frequently do, go much farther both to give and withhold relief in furtherance of the public interest than they are accustomed to go when only private interests are involved." *United States v. First Nat'l City Bank*, 379 U.S. 378, 383 (1965) (internal quotation marks omitted). Courts have long acted under the authority of § 7402 to require removal of liens or other documents invalidly filed or recorded against federal employees and officers and to grant injunctive relief prohibiting future invalid filings. *See, e.g.*, *United States v. Ekblad*, 732 F.2d 562 (7th Cir. 1984) (per curiam). The Court concludes that it has authority under § 7402(a) to issue an appropriate injunction prohibiting Sommerstedt from harassing United States employees and officers who are involved in the enforcement of tax laws.

Sommerstedt next argues that the United States lacks "standing" to bring suit because it has alleged no "injury in fact." Again, the Court disagrees. The United States has demonstrated as a matter of law that, by filing the various documents in the county records that allegedly make federal employees and officers commercially liable to Sommerstedt as "libelees," Sommerstedt has placed a negative legal cloud over its employees and officers causing injury in fact, and therefore "the United States has standing to seek relief from actual or threatened interference with the performance of its proper governmental functions." *Ekblad*, 732 F.2d at 563.

In his reply brief, Sommerstedt makes two new arguments for dismissal of the Complaint. First, he contends that the Complaint should be dismissed because Sommerstedt "rescinded the

documents filed and plans on filing no such documents in the future" and, therefore, the action is moot. Doc. 6 at 1. In addition, he raises an argument that the Complaint must be dismissed because the Internal Revenue Code has not been enacted as "positive law," and the Complaint is therefore not based on any valid legal authority. *Id.* at 1-2. He concurrently filed a Declaration and exhibits indicating that he had filed a "Notice of Error and Recission [sic] of Recorded Documents" in each county where they had been previously filed. *See* Doc. 7. He swore that "[n]o other recording of the erroneous instruments . . . has ever been made or shall ever be made by Reinhold V. Sommerstedt." *Id.* at 2.

Sommerstedt's argument regarding the alleged invalidity of the Internal Revenue Code is "'frivolous,' 'baseless,' 'specious,' and 'preposterous.'" *United States v. Maczka*, 957 F. Supp. 988, 991 (W.D. Mich. 1996) (collecting cases). The Internal Revenue Code of 1954 was enacted as a separate Code by the Act of Aug. 16, 1954, c. 736, 68A Stat. 1, and was codified in Title 26 of the United States Code. The section numbering Title 26 is identical to that of the original Code. Because the Internal Revenue Code "has been enacted as a separate code, [ ] it is positive law." *Tax Analysts v. I.R.S.*, 214 F.3d 179, 183 n. 1 (D.C. Cir. 2000); *Berkshire Hathaway Inc. v. United States*, 8 Cl. Ct. 780, 784 (1985) (stating that the tax code "is truly 'positive law'"), *aff'd*, 802 F.2d 429 (Fed. Cir. 1986).

In its supplemental response to Sommerstedt's new arguments, the United States demonstrated that Sommerstedt referenced the wrong instrument number for Michael J. Astrue. in Sandoval County and argued that, to be effective, separate "Notices of Error should be filed in each county referencing each individual named by Mr. Sommerstedt . . . list[ing] the instrument and the full name used by Mr. Sommerstedt when he filed the instrument in question" so that the instruments could be properly cross-referenced. Doc. 10 at 1-2. The United States also argues that

the Declaration does not make moot its request "for an order bar[r]ing Sommerstedt from repeating his filings against federal employees or officers." The Court agrees that the issues are not moot both because there are errors in the notices of rescission and the full names should be used, and because the request for prospective injunctive relief is not moot.

The Court concludes that it has jurisdiction over the United States' complaint and that it should not be dismissed.

### B. Request for change of venue.

In part of his motion to dismiss, Sommerstedt includes a request for change of venue. *See* Doc. 3 at 21-23. Although he concedes that he recorded his documents in New Mexico, he bases his request on (i) his assertion that the recording of the documents was not "substantial;" (ii) it is inconvenient for him to attend hearings or file pleadings in New Mexico because he resides in Nevada; and (iii) none of the employees or officers designated in the documents reside in New Mexico. *See id.*

Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Factors that bear on whether a venue change is appropriate include:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (internal quotation marks omitted). "The party moving to transfer a case pursuant to § 1404(a) bears the

burden of establishing that the existing forum is inconvenient." *Id.* at 1515. "[U]nless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (internal quotation marks omitted).

Where, as here, there will be no trial, the factors of accessibility of witnesses and other sources of proof, the cost of proof, and the costs or obstacles to a fair trial are not relevant. There are no issues of Nevada law or of enforceability of judgments in another state. In short, nothing but Sommerstedt's alleged inconvenience, which may easily be avoided by electronic filing and telephonic hearings, weighs in favor of venue transfer, and the United States' choice of forum weighs heavily in favor of maintaining venue in New Mexico because Sommerstedt used county recording mechanisms in New Mexico to harass federal officials. Because Sommerstedt chose to file his documents in New Mexico, justice requires him to answer here for his actions. The Court will deny his request to transfer venue to Nevada.

### C.  The United States' entitlement to relief.

As part of his motion to dismiss, Sommerstedt included a section entitled "Facts Not in Dispute" in which he discusses the merits of the United States' request for relief and urges dismissal of the Complaint. The Court liberally construes this section as a response on the merits to the requests for relief.

#### 1.  Declaratory relief.

Sommerstedt states that he recorded the certified documents in the various county clerk's offices "merely as non-judicial private factual evidentiary documents having notorious titles describing the substance and purpose of each . . . ." Doc. 3 at 11. Citing no legal authority for his actions, he contends that, by having received copies of the documents filed in the county records, the United States and its employees participated in what he calls an "Administrative Procedure," or

7

"duly organized process of Petition for Administrative Remedy," which he describes as a necessary precondition under the UCC to filing a suit in court. *Id.* at 12. He states: "[t]here is no other practical means for Petitioner to safely secure private documents but by recordation." *Id.* He erroneously contends that, because the United States has not rebutted his affidavits filed in the county records, they are "self-actuating" and the United States should be "estopp[ed] by acquiescence." *Id.* at 13-14. He requests that the Court dismiss the United States' Complaint because its contention that he filed the documents in an attempt to intimidate or harass or impede the performance of the employees' and officer's duties is speculative. *Id.* at 16. He contends that he had a "legal right" to record the documents as an "extra-judicial convenient inexpensive legal means to protect the interests of Petitioner by securing his documents and by notifying all persons and subsequent parties with an interest in the matter . . . " *Id.* at 17. He contends that the recorded documents demonstrate his intent to receive an "accord and satisfaction" through "administrative remedy." *Id.* at 20. He further states that, "[a]lthough no intent to sue has been threatened, Plaintiff correctly avers that [Sommerstedt] may pursue permission to sue when and if he chooses to do so." *Id.* at 19.

The Court concludes that Sommerstedt's rationale for filing the documents is nonsensical and without any legal basis. There is no "administrative remedy" under the UCC by which an individual unilaterally may file affidavits and alleged "commercial judgments" in a county clerk's office against individuals whose only relation to the individual arises out of performance of their federal jobs. There is absolutely no valid reason or legal basis for filing these documents in the New Mexico county clerks' offices. Therefore, Sommerstedt's decision to file invalid and baseless "commercial judgments" against federal employees and officers involved in the Nevada tax suit, especially in a state 600 miles away in which none of the employees or officers live, work, or own

8

property, is evidence that he harassed them and hampered the performance of their official duties. The Court declares that the documents Sommerstedt recorded in the New Mexico county clerks offices are null and void and have no legal effect.

### 2. Injunctive relief.

> A party requesting a permanent injunction bears the burden of showing: (1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest.

*Fisher v. Okla. Health Care Auth.*, 335 F.3d 1175, 1180 (10th Cir. 2003). The United States has demonstrated success on the merits of its request for a declaratory judgment that the recorded documents are null, void, and of no legal effect and it has demonstrated that the threat of unwarranted, harassing "commercial judgments" labeling the federal employees and officers as "libelees" will cause those employees irreparable injury and will hamper the performance of their official duties. Issuing a permanent injunction in this case will cause no injury to Sommerstedt because he lacks any legal basis or authority for recording the "commercial judgments" and other documents. Finally, public policy clearly favors enjoining the recordation of bogus "commercial judgments" and other extraneous invalid documents.

This case is similar to *United States v. McKinley*, 53 F.3d 1170 (10th Cir. 1995). There, McKinley

> filed with the County Clerk of Laramie County, Wyoming, a self-styled "Commercial Just Compensation Customer's Lien" purporting to encumber the property of Mr. Richard Stacy and the Honorable Clarence Brimmer, respectively the prosecuting U.S. Attorney and the presiding judge in his criminal case. . . . McKinley apparently intended to secure the assets of Mr. Stacy and Judge Brimmer in contemplation of a planned civil rights action against them.
>
> Shortly thereafter, the United States commenced this suit to have the liens declared "null, void, and of no legal effect" and to enjoin Mr. McKinley from imposing similar liens upon the personal property of government officials. . . . .

> To read these documents . . . is to recognize the fundamental frivolity of the legal tenets espoused therein. We are not familiar with a citizen-customer's authority to exact a consensual commercial lien from a public official, but it is a power that has no mooring in either federal or state law.

*Id.* at 1171-72 (affirming district-court's order releasing the liens and the order enjoining McKinley "from filing similar liens or encumbrances against the property of government officials in the future"). Although the documents Sommerstedt has filed are not liens, his legal tenets anre similarly frivolous and have no mooring in federal or state law, and the Court has the authority to declare them to be null, void, and of no legal effect, to order them to be rescinded, and to enjoin Sommerstedt from filing similar documents against any federal employee or official in the future.

The United States shall prepare a proposed order granting injunctive relief and submit it to the Court and to Sommerstedt. Sommerstedt will have ten days from receipt of the proposed order to object to language in the order, if he so desires. As to the United States' request for attorney fees, it may file a separate motion supported by legal authority and appropriate affidavits.

**IT IS ORDERED** that Sommerstedt's motion to dismiss (Doc. 3) is DENIED; and

**IT IS FURTHER ORDERED** and declared that the following documents prepared or signed by Reinhold Verne Sommerstedt on any date are null, void, and without legal effect: (i) Affidavit of Non-corporate Status in Commerce Within the Admiralty Notice to all Public Servants, Officers Agents, Employees, and Debtors or The Untied States, dated January 25, 2008; (ii) Notice of Demand for Rebuttal and Documentation, Petition for Agreement and Harmony Within the Admiralty, In the Nature of a Notice of Administrative Remedy; (iii) Notice of Fault and Opportunity to Cure, Reinhold Verne Sommerstedt, Creditor Secured Party, Petition for Agreement and Harmony Within the Admiralty, In the Nature of a Notice of Commercial Claim and Administrative Remedy; (iv) Notice and Petition of Reinhold Verne Sommerstedt, Californian State

National, Creditor and Secured Party, Notice of Default and Petition for Agreement and Harmony Within the Admiralty, In the Nature of a Notice of Commercial Claim and Administrative Remedy; (v) Notice and Petition, Notice of Commercial Judgment, Petition for Administrative Agreement in Commerce within the Admiralty, In the Nature of a Completed Notice of Commercial Claim-Administrative Remedy; and

**IT IS FURTHER ORDERED** that the United States is entitled to injunctive relief and that the United States shall submit a proposed order granting appropriate injunctive relief to the Court and to Sommerstedt within ten days of the filing of this Order and that Sommerstedt shall have ten days from the receipt of the proposed order to object to language in the order.

_____
UNITED STATES DISTRICT JUDGE